IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00325-CR

 

Terry Lee McCormick,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2005-390-C

 



ORDER










 

          The
Court’s opinion and judgment dated January 10, 2007 are withdrawn.

 

 

                                                          PER
CURIAM

 

Before
Chief Justice Gray,

          and
Justice Vance

Opinion
and judgment withdrawn

Order
issued and filed February 21, 2007

Do
not publish






                                                                           

DISSENTING OPINION
                                                                                                                

      I would sustain Acadian’s second issue and hold that the Plaintiffs’ claims based on “profit
sharing plans” fail as a matter of law.
      PGS acquired Acadian through an transaction described as a “reverse triangular merger.” 
PGS caused a wholly-owned subsidiary to merge with Acadian, and Acadian’s shareholders
received shares of PGS in exchange for their shares of Acadian. Acadian survived as a subsidiary
of PGS. Acadian received no “proceeds.”
      Furthermore, the plaintiffs’ contracts relate to “profits.” Proceeds that Acadian might have
received from PGS does not translate into profits.
      We sustain a no-evidence issue when the record reveals one of the following: (1) a complete
absence of evidence of a vital fact; (2) rules of law or rules of evidence bar the appellate court
from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to
prove a vital fact is no more than a scintilla; or (4) the evidence conclusively establishes the
opposite of a vital fact. Juliette Fowler Homes, Inc. v. Welch Assoc., Inc., 793 S.W.2d 660, 666
n.9 (Tex. 1990) (citing Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38
Tex. L. Rev. 361, 362-363 (1960)). I find no evidence to support a finding that “profit sharing
plan” means “proceeds”; indeed, the evidence conclusively establishes the opposite of that fact. 
See id. Thus, the judgment that the plaintiffs are entitled to any part of the “proceeds” of the
“sale” of Acadian should not stand. Because the majority holds otherwise, I respectfully dissent.
 
                                                                   BILL VANCE
                                                                   Justice

Opinion delivered and filed July 9, 2003